Nancy Ribaudo
Texas Bar I.D. 24026066
nancy.ribaudo@kellyhart.com
Katherine T. Hopkins
Texas Bar I.D. 24070737
katherine.hopkins@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone:      817/332-2500
Telecopy:      817/878-9280
*Proposed Counsel for Debtors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-41520-ELM-11 |
| WOODBRIDGE PARTNERS L.P., *et al.*[1], | § | |
| | § | Chapter 11 |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |
| | § | |

**APPLICATION TO APPROVE EMPLOYMENT OF KELLY HART &
HALLMAN LLP AS COUNSEL FOR THE DEBTORS AS OF PETITION DATE**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. TENTH STREET, ROOM 147, FORT WORTH, TEXAS 76102 BEFORE CLOSE OF BUSINESS ON JUNE 21, 2024, WHICH IS AT LEAST TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED, A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE**

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Woodbridge Partners, LP (6716); Brentwood Nursery, Inc. (3393); Seville Farms, Inc. (6380); Integrated Botanics, LP (7617); GB2 Holdings, LLC (0872); and Hillister Farms, L.L.C. (5295).

**UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING
THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

The above-referenced debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors") file this Application (the "Application") seeking authority to retain and employ Kelly Hart & Hallman LLP ("Kelly Hart") as counsel to the chapter 11 Debtors as of each Debtor's petition date, pursuant to 11 U.S.C. §§ 327(a), 328(a) and 1107 of the United States Code ("Bankruptcy Code"), and Rule 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and L.B.R. 2014-1. In support of this Application, the Debtors submit the Declaration of Katherine T. Hopkins, attached hereto as Exhibit A (the "Hopkins Declaration") and respectfully state as follows:

## I.      JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.      BACKGROUND

2.      On May 1, 2024 ("Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On May 10, 2024, the Court entered orders directing that the Debtors' bankruptcy cases be jointly administered under Case No. 24-41520 [Docket No. 34]. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3.      No trustee or examiner has been appointed in these bankruptcy cases. No official committee of unsecured creditors has been appointed.

4.      A detailed factual background of the Debtors' business and operations and the events leading up to the commencement of these Chapter 11 cases is more fully set forth in the *Declaration of William Brentlinger in Support of Debtors' Chapter 11 Petitions and First-Day Motions*, filed on May 7, 2024, and is incorporated herein by reference.

### III.    DISCUSSION

5.      By this Application, the Debtors request entry of an order pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and L.B.R. 2014-1, authorizing the retention and employment of Kelly Hart as their counsel effective as of the Debtors' Petition Date.  Debtors request that the Court approve their retention of Kelly Hart for legal services necessary in connection with their chapter 11 cases in accordance with Kelly Hart's normal hourly rates and reimbursement policies.

#### A.    DEBTOR'S SELECTION OF KELLY HART

6.      Debtors believe that the attorneys at Kelly Hart are well qualified to represent them in this proceeding.  The attorneys in the bankruptcy group at Kelly Hart have significant experience in bankruptcy/reorganization matters and have represented parties in complex chapter 11 cases throughout the country.  Members of the firm have historically provided a full range of legal services to debtors, trustees, examiners, creditors' committees, equity owners and secured and unsecured creditors and have specialized experience in representing chapter 11 debtors before various courts, including the Northern, Southern, Eastern and Western Districts of Texas, among other courts.  Accordingly, Kelly Hart has the necessary background to deal effectively with the legal issues that may arise in the context of the Debtors' bankruptcy cases.

7.      Further, Kelly Hart has represented the Debtors for approximately two years in various matters, including but not limited to the negotiation and preparation of documents related

to the sale of assets, negotiation and preparation of documents related to the lease of property, representation in multiple state and federal court litigation, out of court negotiations and communications with creditors, among other matters. Through this representations, Kelly Hart has acquired familiarity with the Debtors' operations, asset and debt structure, and bankruptcy options. Debtors believe that Kelly Hart is well qualified to represent the Debtors, as the debtors-in-possession in these cases and in the proceedings that should be handled by bankruptcy counsel for the debtors-in-possession. Furthermore, it is necessary for the Debtors, as debtors-in-possession, to employ attorneys to render such professional services.

### B.   PROFESSIONAL SERVICES TO BE RENDERED BY KELLY HART

8.   The employment of Kelly Hart is appropriate to enable the Debtors to faithfully execute their duties as debtors-in-possession. Debtors wish to employ Kelly Hart as attorneys to give the Debtors legal advice with respect to the Debtors' powers and duties as debtors-in-possession, operation of their businesses, sale of Debtors' property, a plan for payment to creditors, and to perform all other legal services for the debtors-in-possession which may be necessary herein. Kelly Hart will utilize the services of other members and associates of the firm as necessary, at customary hourly rates.

9.   As Debtors' counsel, Kelly Hart will render legal services as needed in connection with Debtors' chapter 11 proceedings, including, but not limited to the following:

    a.   serve as counsel of record for the Debtors in all aspects of these chapter 11 cases;

    b.   preparing all necessary motions, applications, draft orders, reports, and other papers in connection with the administration of the Debtors' chapter 11 estates;

    c.   taking all necessary actions in connection with a chapter 11 plan, related disclosure statement(s) and all other related documents, and such further

actions as may be required in connection with the confirmation of a plan of reorganization or liquidation;

d.  taking all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates; and

e.  performing all other legal services for and on behalf of the Debtors that may be necessary or appropriate in the administration of the chapter 11 case.

10.     Debtors believe that the services of Kelly Hart will not duplicate the services that other professionals will be providing to the Debtors in these chapter 11 cases.  Specifically, Kelly Hart will carry out unique functions and will use reasonable efforts to coordinate with the Debtors and the other professionals retained in these chapter 11 cases to avoid the unnecessary duplication of services.

### C.     DISINTERESTEDNESS OF KELLY HART

11.     Debtors have reviewed the Hopkins Declaration.   To the best of Debtors' knowledge, Kelly Hart and its respective lawyers do not have any connection with the Debtors, their creditors, the United States Trustee, or other parties in interest, except as indicated in Schedule 2 attached to the Hopkins Declaration.  Notwithstanding those connections, the Debtors believe that Kelly Hart is disinterested and neither holds nor represents any interest adverse to them in the matters upon which Kelly Hart is to be engaged.  Kelly Hart is therefore disinterested and holds no claim or interest adverse to the estate.

### D.     PROPOSED ARRANGEMENT FOR COMPENSATION

12.     Kelly Hart was employed to represent the Debtors in July 2022.  Since that time, Kelly Hart has served as counsel to the Debtors in a variety of matters, including analysis and preparation in connection with bankruptcy matters; assisting with the sale and marketing of

assets and negotiation and preparation of documents related thereto; representation in extensive litigation in both state and federal courts; negotiation and preparation of documents related to lease of property, business matters; and out of court negotiations and communications with creditors, among other matters.

13.     In connection with bankruptcy-related attorneys' fees and reimbursable expenses, Kelly Hart received payment in the amount of $52,577.84[2] which was received within one year prior to the Petition Date for pre-petition bankruptcy services, and $10,428.00, for pre-petition filing fees.  The foregoing payments were expressly related to the payment of services performed and reimbursement of expenses incurred by Kelly Hart for bankruptcy services provided to the Debtors before the Petition Date.[3]

14.     Any fees for services and amounts for reimbursement of expenses after the Petition Date will be applied for under §§ 327 and 330 of the Bankruptcy Code, or, in the event of entry of an order by this Court governing procedures for interim payment of fees and reimbursement of expenses, Kelly Hart will comply with such order with respect to fees and costs.

15.     **S**ubject to this Court's approval, Kelly Hart will charge for its legal services on an hourly basis in accordance with its standard hourly rates in effect on the date such services are rendered, subject to Bankruptcy Code sections 327, 328, 330, and 331.  The current hourly rates of the Kelly Hart attorneys expected to perform legal services to the Debtors range from $300.00 for the most junior associate who is likely to work on this matter to $800.00 for the most senior

---

[2]     Kelly Hart intends to amend its Disclosure of Compensation as voluntary reductions were included in the total set forth in that document.

[3]     Additional amounts were paid to Kelly Hart for other services unrelated to bankruptcy services, such as services related to the sale of assets, litigation defense, and other representations.

partner who may work on this matter, including: Nancy Ribaudo - $600.00/hour; Katherine

Hopkins $585.00/hour; and Joseph Austin - $375.00/hour.[4]

16.    Kelly Hart has advised Debtors that its fees are commensurate with fees charged

to its other clients for similar services.  Debtors understand that the rates charged by Kelly Hart

may be adjusted from time to time and are usually adjusted on an annual basis.

17.    Consistent with the firm's policy with respect to its other clients, Kelly Hart will

charge the Debtors for all expenses incurred in rendering services to the Debtors.   These

customary items include, among other things, photocopying, facsimiles, travel, business meals,

postage, witness fees and other fees related to trials and hearings to the extend incurred by Kelly

Hart.  Internal costs and overhead costs will not be charged to the Debtors.  Certain expenses for

copying, postage, and mail out services charged by outside vendors will be invoiced to and paid

directly by the Debtors.

18.    Debtors believe that the hourly rate and expense policies of Kelly Hart constitute

fair and reasonable terms for retention of Kelly Hart by the Debtors and should be approved

under sections 327(a) and 328(a) of the Bankruptcy Code.  That structure appropriately reflects

the nature of the services to be provided by Kelly Hart and the fee structures typically utilized by

leading firms of similar stature to Kelly Hart for comparable engagements, both in and out of

court.  The compensation structure is consistent with Kelly Hart's normal and customary billing

practices for cases of this size and complexity that require the level of scope and services

outlined herein.

---

[4]      The full range of hourly rates include: Partners - $425.00 - $950.00/hour; Associates - $300.00 -
$535.00/hour; and Paralegals - $170.00 - $305.00/hour.

19.     Kelly Hart has not received any retainer for post-petition services.  And, as stated in the Hopkins Declaration, Kelly Hart has no agreement with any entity to share compensation received from the Debtor.

20.     Debtors submit that for all the reasons stated herein and in the Hopkins Declaration, the retention and employment of Kelly Hart as the Debtors' counsel pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) is warranted.  Debtors respectfully request that the retention of Kelly Hart be approved effective as of the Petition Date pursuant to L.B.R. 2014-1.

21.     No prior application for the relief requested in this Application has been made to this or any other Court.

### E.     BASIS FOR RELIEF

22.     The Debtors seek approval of Kelly Hart's retention and compensation structure pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code.  Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

23.     Section 328(a) of the Bankruptcy Code provides, in pertinent part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).  Thus, § 328(a) of the Bankruptcy Code permits the compensation of

professionals, on flexible terms that reflect the nature of their services and market conditions.  As

the United States Court of Appeals for the Fifth Circuit recognized in *Donaldson Lufkin &*

*Jenrette Sec. Corp. v. Nat'l Gypsum (In re Nat'l Gypsum Co.)*:

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done.  That uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc.  Under present § 328 the professional may avoid that uncertainty by obtaining court approval of the compensation agreed to with the trustee (or debtor or committee).

123 F.3d 861, 862 (5th Cir. 1997) (internal citations and emphasis omitted).

24.     As discussed above and as set forth in the Hopkins Declaration, Kelly Hart

satisfies the disinterestedness standard in § 327(a) of the Bankruptcy Code.  Additionally, given

the numerous issues that Kelly Hart may be required to address in the performance of the

services for the Debtors, Kelly Hart's commitment to the variable level of time and effort

necessary to address all such issues as they arise and the market prices for Kelly Hart's services

for engagements of this nature, the Debtors believe that the terms and conditions of Kelly Hart's

employment are fair, reasonable, and market-based under the standards set forth in § 328(a) of

the Bankruptcy Code and that the rate structure articulated herein and in the Hopkins Declaration

should be approved under § 328(a).

25.     Kelly Hart will apply for compensation and reimbursement of expenses in

compliance with §§ 330 and 331 of the Bankruptcy Code, the applicable provisions of the

Bankruptcy Rules, the Local Rules, and any other applicable procedures or orders of the Court.

Kelly Hart's fee applications for allowance of its compensation and expenses will be paid as

authorized by the Court.  Kelly Hart also intends to make a reasonable effort to comply with the

U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines

for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. 330 by Attorneys in Larger Chapter 11 Cases (the "<u>Revised UST Guidelines</u>") both in

connection with this Application and in the interim and final fee applications to be filed by Kelly

Hart in the bankruptcy case.

<h3 style="text-align:center">IV.     <u>RELIEF REQUESTED</u></h3>

Debtors respectfully request that the Court enter an order:  (i) granting this Application,

(ii) authorizing the Debtors to retain and employ Kelly Hart as their legal counsel, effective as of

the Petition Date, and (iii) granting such other and further relief as may be just and proper.

Respectfully submitted,

**Woodbridge Partners, L.P., Brentwood
Nursery, Inc., Seville Farms, Inc.,
Integrated Botanics, LP, GB2 Holdings,
LLC, and Hillister Farms, L.L.C., debtors
in possession**

By: *<u>/s/ William Brentlinger</u>*
    William Brentlinger

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-41520-ELM-11 |
| WOODBRIDGE PARTNERS L.P., *et al.*[1], | § | |
| | § | Chapter 11 |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |

**DECLARATION OF KATHERINE T. HOPKINS IN SUPPORT OF APPLICATION
TO EMPLOY KELLY HART & HALLMAN LLP AS COUNSEL TO THE DEBTORS**

I, Katherine T. Hopkins, hereby state the following:

1.      I am an attorney at law admitted to practice before the bar of the State of Texas and the United States District Court for the Northern, Southern, Eastern, and Western Districts of Texas, and the United States Court of Appeals for the Fifth Circuit.  I am a partner in the law firm of Kelly Hart & Hallman LLP ("Kelly Hart") in the firm's Fort Worth office located at 201 Main Street, Suite 2500, Fort Worth, Texas 76102.

2.      I submit this Declaration in support of the Application (the "Application") to retain and employ Kelly Hart as counsel to the Debtors[2] and to provide disclosures required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure.  Unless otherwise stated, I have personal knowledge of the facts stated in this Declaration.  I have read the Application and to the best of my knowledge, I believe that it is true and correct.

3.      To the best of my knowledge, Kelly Hart has no connection with any party in interest which would present a conflict with its representation of the Debtors in their chapter 11 cases.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Woodbridge Partners, LP (6716); Brentwood Nursery, Inc. (3393); Seville Farms, Inc. (6380); Integrated Botanics, LP (7617); GB2 Holdings, LLC (0872); and Hillister Farms, L.L.C. (5295).

[2]      Capitalized terms not otherwise defined herein shall have the meaning given to them in the Application.

4.      In July 2022, Kelly Hart was engaged by the Debtors, on an hourly basis, to provide representation and advice in connection with various matters, including potential bankruptcy considerations.  Kelly Hart received payment in the amount of $52,577.84[3], which was received for pre-petition for bankruptcy services within one year prior to the Petition Date, and $10,428.00, which was received for pre-petition filing fees.  The foregoing payments were expressly related to the payment of services performed and reimbursement of expenses incurred by Kelly Hart for bankruptcy services provided to the Debtors before the Petition Date.[4]

5.      In preparing this Declaration, Kelly Hart staff members, under my supervision and direction, searched Kelly Hart's client database to determine whether Kelly Hart has any relationship with the Debtors, their creditors or any known parties in interest.  The list of parties subjected to the internal conflicts check are listed on Schedule 1.  Based on the information known to date and after diligent inquiry, I am not aware of any connection with the Debtors, their creditors, any other party in interest or the United States Trustee's office which would preclude Kelly Hart's representation of the Debtors in these chapter 11 cases.  While the results of these searches revealed no conflict of interest with regard to Kelly Hart's anticipated representation of the Debtors, certain connections to parties in interest, in matters wholly unrelated to these cases, were revealed.  Out of an abundance of caution and in the interest of full candor to the Court, those connections are disclosed in Schedule 2.

6.      I do not believe any of the connections set forth in Schedule 2 would preclude Kelly Hart's proposed representation of the Debtors in these chapter 11 cases because Kelly

---

[3]      Kelly Hart intends to amend its Disclosure of Compensation as voluntary reductions were included in the total set forth in that document.

[4]      Additional amounts were paid to Kelly Hart for other services unrelated to bankruptcy services, such as services related to the sale of assets, litigation defense, and other representation.

Hart's representation of those entities is limited to discreet matters wholly unrelated to the Debtors and Debtors' bankruptcy cases.  If additional information becomes available or additional connections are discovered, Kelly Hart will promptly file appropriate supplemental disclosure information.

7.      In the event Kelly Hart learns of a conflict of interest with one of its other former or current clients, Kelly Hart will recommend to the Debtors that they retain separate "conflicts" counsel.  In such circumstances, Kelly Hart will use its best abilities not to duplicate any services being provided by such counsel.

8.      Based upon all present information known to me, other than as disclosed herein, I believe Kelly Hart is "disinterested" and does not hold or represent any interest adverse to the Debtor's estate with respect to the matters for which Kelly Hart is to be employed.

9.      Kelly Hart proposes to provide legal services to the Debtors as chapter 11 debtors based on Kelly Hart's customary hourly rates in effect when such services are performed.  The current hourly rates of the Kelly Hart attorneys expected to perform legal services to the Debtors range from $300.00 for the most junior associate who is likely to work on this matter to $800.00 for the most senior partner who is likely to work on this matter, including the following: Nancy Ribaudo - $600.00/hour; Katherine Hopkins - $585.00/hour; and Joseph Austin - $375.00/hour.[5] I am the partner at Kelly Hart having primary responsibility for this engagement.

10.     Consistent with the firm's policy with respect to its other clients, Kelly Hart will charge the Debtors for all services provided and for other charges and disbursements incurred in rendering services to the Debtors.  These customary items include, among other things, large volume photocopying, facsimiles, travel, business meals, postage, witness fees, and other fees

---

[5]      The full range of hourly rates include: Partners - $425.00 - $950.00/hour; Associates - $300.00 - $535.00/hour; and Paralegals - $170.00 - $305.00/hour.

related to trials and hearings to the extent incurred by Kelly Hart.  Kelly Hart's internal costs or overhead costs will not be charged.  Certain expenses for copying, postage, and mail out services charged by outside vendors will be invoiced to and paid directly by the Debtors.

11.     Kelly Hart recognizes that the allowance of compensation for services rendered on behalf of the Debtors in connection with these chapter 11 proceedings and the reimbursement of expenses is subject to the approval and authorization of this Court.  Kelly Hart intends to apply for compensation for professional services rendered and for reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, orders of this Court and the United States Trustee Guidelines for post-petition work provided to the Debtors in connection with these chapter 11 cases.  Kelly Hart understands that any application for fees must be supported by detailed contemporaneous time records.   Kelly Hart also understands that this Court's approval of this Application for Employment does not constitute approval of any proposed terms of compensation and that this Court may allow compensation on terms different from those proposed.

12.     Kelly Hart has no agreement with any other entity to share compensation received by Kelly Hart, other than among the members of Kelly Hart.

13.     Neither Kelly Hart nor I are equity security holders or insiders of the Debtors.

14.     Neither Kelly Hart nor I were, within two years before the date of the filing of the petitions in the above-captioned bankruptcy cases, a director, officer, or employee of the Debtors.

15.     The foregoing constitutes the statement of Kelly Hart pursuant to Bankruptcy Code §§ 328(a), 329, and 504, and Bankruptcy Rules 2014(a) and 2016(b) and Local Rules 2014-1 and 2016-1.

16.     Kelly Hart will comply with the U.S. Trustee's requests for information and disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "Revised UST Guidelines") both in connection with this Application and the interim and final fee applications to be filed in the Debtors' Cases.

17.     Kelly Hart provides the following responses to the questions set forth in Part D of the Appendix B of the Revised UST Guidelines:

| Questions Required by Part D1 of the Revised UST Guidelines | Answer |
|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? | There were pre-petition voluntary reductions and discounts provided in connection with certain services. |
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No |
| If you represented the client in the last 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed post-petition, explain the difference and reasons for the difference. | Kelly Hart represented the Debtors in various matters. The billing rates during the 2023-2024 representation of the Debtors were as follows: Nancy Ribaudo - $550.00 per hour; Katherine Hopkins - $475.00 per hour; Joseph Austin - $305.00 per hour. The variance between these rates in comparison to the actual 2023-2024 rates was the result of voluntary reduction in hourly rates. The other financial terms of the pre-petition employment have not materially changed. |
| Has your client approved | Kelly Hart anticipates |

| your respective budget and staffing plan, and, if so, for what budget period? | developing a proposed budget and staffing plan to reasonably comply with the U.S. Trustee's request for information and additional disclosures, as to which Kelly Hart reserves all rights. |
|---|---|

18.     Based on the foregoing, I respectfully state that it is my opinion that all requirements for Kelly Hart's retention by the Debtors have been met.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:  May 31, 2024                        By:     */s/ Katherine T. Hopkins*___
                                                                    Katherine T. Hopkins

## Schedule 1

Greater Nevada Credit Union
The Small Business Administration
LSQ Funding Group, L.C.
Iron Horse Credit LLC
Ball Horticultural Company
2 Plant International
3343 Locke Ave LLC
49 Toll
A.M.Leonard
AA Sprinkler
ABAA Transportation
Abbott IPCO, Inc.
ABC Auto Parts
Active Cyber
Advanced Grower Solutions, LLC
Agrinomix
Airgas USA, LLC
Alexander Plant Farm Inc
American Automatic Sprinkler, Inc.
Amerigas - Arlington
Amerigas - Wylie
Arguindegui Oil Co Ii Ltd
A-Roo Company LLC
AT&T
AT&T Mansfield
Atmos Energy
Atmos Energy Corp
Automated Ice L.L.C.
Aydani Wholesale Nursery LLC
Baxter Packaging LLC
Bellpark Horticulture
Blackmore Company Inc
Bobby Veselka Trucking
Boxx Modular, Inc.
Brentwood Nursery, Inc
Building Janitorial Service
Business Essentials
BWI
C&A TRANS, LLC

Carenow Corporate
Casa Flora
Certify, Inc.
Charter Communications
City Of Fort Worth
City Of Fort Worth Water Dept.
Coburn Supply Company
Cokinos Energy Corporation
Colorado County Oil Co. Inc.
CommerceHub
Concept Plants
CRS Supply Group
Cruz Hernandez
CTI International Limited
Dakota Distribution, LP
De Lage Landen
De Los Santos Farms LLC
Dealers Electrical Supply Co.
Del Norte Harvesting LLC
Dex Imaging Inc
E J Parsley
Eagle Fuel & Oil, LP
East Rio Hondo Water Supply Corp
East Texas Alarm, Inc.
East Texas Ice Machines
Elliott Electric Supply, Inc.
Emergency Physicians of West Bluff
Equipment Depot
Everbank Commercial Finance
Express Seed Company
Fayette Electric Coop
Federal Express
Fedex Freight
Flamingo Holland, Inc.
Foremost Co
Four Seasons Trucking LLC
Four Star Sales LLC
Frontier Communications
General Motors Financial Co, Inc.
GIS Benefits
Grahmann's True Value Hardware
Green Market Systems, Inc.
Green Trade Horticulture LLC

Grower Direct Supply Inc.
H&H Golf Carts
Harmon Trucking
Harrell's LLC
Helena Chemical Company
Home Depot Credit Services
HUB International Texas, Inc.
Hydro Systems, Inc.
Irrigation-Mart, Inc.
Ivy Garth Seeds
Jackson Walker LLP
John Henry-WestRock
La Grange Ice Plant
Labels Etc. Inc.
Landmark Plastic Corp
Living Earth
LSQ Funding Group
Managed Pharmacy Programs
Mastertag
Mchutchison
McKinney Trailer Rentals
Metro Irrigation Supply
Mica Rentals Inc. The Outhouse Comp
Mike Joe Parsley
Monitronics Funding LP
MTZ Transport
My Alarm Center, LLC
Net RMA Processing
Nets Trailer Leasing Of TX LLC
North Texas Tollway Authority
O'Reilly Auto Parts
Orora Visual TX LLC
Pindstrup Mosebrug A/S
Pink Screening Inc
Pioneer Gardens
Pitney Bowes Global Financial Svc
PLM Trailer Leasing, Inc.
PNC Equipment Finance, LLC
Premier Trailers, LLC
Prodrivers
Protection One Alarm Monitoring Inc
P'S Plant Farm, LLC
Pueblo Tires, Ltd.

Purvis Industries
Qualtracks Inc
Redneck Trailer Supplies
Reeder Distributors, Inc
Reliant
Remcor
Republic Services #070
Richard A Harmon
Rio Grande Waste LLC
Rodrigo's Trucking
Royalty Administration Int.
Rozell Sprayer Mfg. Co.
Salem Leasing Corporation
Sanchez Plant Farm LLC
Select Staff
Service of Process Agents, Inc.
Sessions Plant Farm
SiteOne Landscape Supply, LLC
Small Business Innovations
Staples Business Credit
Stinchcomb Associates Inc.
Stuart Hose & Pipe Company
Suez WTS Services USA, Inc.
Summit Plastic Company
Super Dave's Tire
Teladoc Inc
Texas Disposal Systems, Inc.
Texas Nursery & Landscape Assn Inc.
The Hartford
The HC Companies, Inc.
The Whaley Place LLC
Tony Hernandez
Trimble Maps
Triple P Farms, LLC
Tyler County Hospital
Tyler Power Equipment
Uline Shipping Supplies
Underground Utility Supply LLC
United States Treasury
Vista Trucking LLC
Waste Advantage
Wells Fargo Financial Leasing
Westrock CP LLC

Whitley Penn LLP
William Lee Parson
William Brentlinger
Robert Brentlinger
Williams Scotsman Inc
Wood County Electric
Young Hollow Nursery Inc
Zarsky Lumber Co.
RMA Toll Processing
AT&T Atlanta
AT&T Illinois
AT&T Long Distance
Belky Trucking
Blackjack Water Supply
CCRMA Toll Processing Services
Chubb
City of Waxahachie
Richard Rozier Tax Assessor
East Texas Alarm, Inc.
Richard Moring Fayette County App.
Fort Worth False Alarm Mgmt Sys.
GXS, Inc.
Johnson County - Scott Porter
John's Heating & Air Conditioning
JOTS Rentals
Living Earth
Logitec Plus Handling Technology
Metrolina Greenhouse
Mica Rentals Inc. - The Outhouse Comp
Monitronics Funding LP
My Alarm Center, LLC
Ortiz Trucking
OTA - Plate Pay
Pink Screening Inc.
Plainsman Tire
PlantHaven International Inc.
Robert Half Technology
Ryder Truck Rental Inc.
Sage Software
Sardis Tire & Wheels
Small Business Administration
Smith County Tax-Assessor Coll.
Southland Property Tax Consultants
SRPS
Tony Yzagruirre, Jr., Tax Assessor
Tony's Trucking

Total Quality Logistics
UPS
US Department of the Treasury
United Cooperative Services
W&B Service Company, L.P.
Tax Assessor Collector
William Lee Parson

### Schedule 2

Kelly Hart currently represents or has represented, or has been adverse to the following parties in various matters as further described below.

| Party-In-Interest | Description of Representation |
|---|---|
| City of Fort Worth | • Kelly Hart previously represented and currently represents the City of Fort Worth in various transactional and litigation matters wholly unrelated to the Debtors. |
| Greater Nevada Credit Union | • Kelly Hart previously represented this entity in a bankruptcy matter wholly unrelated to the Debtors. |
| Premier Trailers | • Kelly Hart previously represented and currently represents this entity in various litigation matters wholly unrelated to the Debtors. |
| Elliott Electric Supply | • Kelly Hart previously represented and currently represents this entity in various litigation matters wholly unrelated to the Debtors. |
| Reliant Worldwide Plastics | • Kelly Hart has previously represented this entity in transactional matters wholly unrelated to the Debtors. |
| Wells Fargo | • Wells Fargo has been involved in matters in which Kelly Hart clients were involved. Such matters are wholly unrelated to the Debtors. |
| William A. Brentlinger | • Kelly Hart has previously represented this individual in a transactional matter wholly unrelated to the Debtors. |
| AT&T / AT&T Corp | • These entities have been involved in matters in which Kelly Hart clients have been involved. Such matters are wholly unrelated to the Debtors. |